NELSON C. ROE, Plaintiff in Error, *v.* WILLIAM HURLBURT and LAFAYETTE HURLBURT, Defendants in Error.

### ERROR TO COOK.

It is erroneous for a court to proceed to adjudicate a case which is not before it.

ON the 19th day of April, A. D. 1855, there was filed with the clerk of the Cook county Circuit Court, a paper purporting to be a transcript of certain proceedings in the County Court of

said county, on the application of Nelson C. Roe, for a discharge under the act concerning insolvent debtors, which transcript contained, among other things, a copy of schedule of the said applicant, but which was without oath or affirmation, an order of the County Court refusing to make an assignee or discharge him. Copy of an appeal bond, reciting the arrest of said Roe upon an execution in favor of the above-named Hurlburts, and such refusal by the court to discharge him, and the taking of an appeal to the Cook County Court of Common Pleas; and the said transcript also contained an order of said County Court, approving said appeal bond, and allowing an appeal to the said. Cook County Court of Common Pleas; which said transcript was duly certified by the clerk of said County Court, and indorsed: "Filed, December 4, 1854.    W. Kimball, Clerk."

There was also filed at the same time of said transcript, to wit, the 19th day of April, 1855, a motion entitled in the Cook County Court of Common Pleas, to set aside a default in said case; also, an affidavit to support the motion.

Also, petitions for a change of venue from said Common Pleas Court.

On the 24th day of April, 1855, at the March vacation term of said Circuit Court, this cause was ordered to be placed upon the docket of said Circuit Court.

On the 22nd day of June, 1855, the said Circuit Court took the default of said Nelson C. Roe, and the attorneys for the said Hurlburts moved to dismiss Roe's appeal, which the court took under advisement.

On the 28th day of June, 1855, was the following entry: "This day again come the creditors of said applicant, by Messrs. Goodrich, Scoville & Seelye, his attorneys, and the said applicant, by his attorneys, also comes, and the court being now fully advised upon the motion to dismiss the appeal heretofore entered, orders that the said motion be sustained, and this appeal is dismissed.

The taking the default of said Nelson C. Roe, and dismissing the said appeal, are assigned for error.

SCATES, McALLISTER & JEWETT, for Plaintiff in Error.

FARWELL, SMITH & THOMAS, for Defendants in Error.

CATON, C. J.  This was an appeal from the County Court to the Common Pleas, where a motion was made for a change of venue, which was never decided. While that motion was still pending, the papers and a transcript of the record were by some means transferred to the office of the clerk of the Circuit Court.

The Circuit Court ordered the cause to be placed upon the docket, called and defaulted the appellant, and dismissed the appeal. In this the court erred. It had acquired no jurisdiction of the cause, which was still pending in the Common Pleas, on the motion for a change of venue. The papers should have been sent back to the Common Pleas. This proceeding was, no doubt, the result of inadvertence, but it was none the less erroneous.

The judgment must be reversed, and the cause remanded; with directions to return the papers to the Common Pleas, and to strike the cause from the docket of the Circuit Court.

*Judgment reversed.*